**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

CROWN INTERMEDIATE HOLDCO,
INC., DBA Regal Cinemas,

                    Plaintiff-Appellant,

    v.

ALLIANZ GLOBAL RISKS US
INSURANCE COMPANY; et al.,

                    Defendants-Appellees.

No. 22-55661

D.C. No.
2:22-cv-01248-SB-AFM

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Stanley Blumenfeld, Jr., District Judge, Presiding

Submitted December 5, 2024[**]
Pasadena, California

Before: GRABER, SANCHEZ, and H.A. THOMAS, Circuit Judges.

Plaintiff Crown Intermediate Holdco, Inc. (doing business as Regal

Cinemas) seeks recovery under its insurance policies with Defendant insurers for

"physical loss or damage" resulting from the presence of coronavirus particles in

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

hundreds of its movie theaters. The district court granted Defendants' motion for judgment on the pleadings and dismissed the complaint with prejudice. We have jurisdiction under 28 U.S.C. § 1291. Reviewing de novo, Turner v. Cook, 362 F.3d 1219, 1225 (9th Cir. 2004), we affirm.

1. The insurance policies' choice-of-law provisions state that New York law applies. Under New York law, temporary business interruption resulting from COVID-19 pathogens does not suffice to state a claim for "direct physical loss or damage." See Consol. Rest. Operations, Inc. v. Westport Ins. Corp., 235 N.E.3d 332, 337–38 (N.Y. 2024) (holding that "physical damage" requires "material physical alteration to the property" and that "direct physical loss" requires "actual, complete dispossession," rather than mere loss of use). Plaintiff's claims and the applicable insurance policy provisions here are materially identical to the plaintiff's unsuccessful claims and the insurance policy provisions in Consolidated Restaurant Operations. Under the governing law of New York, Plaintiff was not insured for the claimed business losses incurred during the COVID-19 pandemic.

2. In the alternative, Plaintiff seeks a remand instructing the district court to allow it to amend its complaint. But Plaintiff's policies also contain a contamination exclusion, which clearly states that the policies do not cover any losses resulting from a contaminant, including toxins, pathogens, pathogenic

2

organisms, or viruses.  In light of the contamination exclusion, as well as the absence of physical damage to Plaintiff's theaters, as defined by New York law, any amendment would be futile.

**AFFIRMED.**